IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN TACKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:02-cv-1271-JPG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion to Dismiss filed by the Defendant, the United States of America, on November 7, 2005 (Doc. 23). For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED**, that this matter be **DISMISSED** and that the Court adopt the following findings of fact and conclusions of law:

FINDINGS OF FACT

On December 26, 2002, the Plaintiff, Brian Tackett, filed suit while he was incarcerated at the Federal Correctional Institution in Greenville, Illinois. On January 10, 2005, an order mailed by the Clerk's office was returned as undeliverable. It appears that the Clerk's office was informed by the prison that the Plaintiff had been released on January 9, 2005. On March 7, 2005, the Plaintiff filed a notice of change of address and indicated that he now lives in Southaven, Mississippi (Doc. 16).

On September 6, 2005, this Court set a telephonic discovery dispute conference (Doc. 19). The Plaintiff was ordered to be available for the conference on September 21, 2005 at 11:00 a.m. There is no mention in the docket that the Plaintiff did not receive notice of the conference.

At that time and date, however, the Defendant indicated that it could not contact the Plaintiff and the Plaintiff did not contact chambers (Doc. 20).  The conference was reset to October 12, 2005 (Doc. 21).  The Plaintiff was warned that the failure to participate may result in the sanction of dismissal.  The notice was mailed to the Plaintiff by registered mail.  It appears that the mail was returned to the Clerk as "unclaimed" and that the Plaintiff did not receive notice.

In the meantime, on November 7, 2005, the Defendant filed the motion to dismiss for want of prosecution.  In this motion, the Defendant represented that it attempted to contact the Plaintiff via telephone on numerous occasions and that the Plaintiff failed to answer.  The Plaintiff also has failed to keep in touch with the Defendant.

On December 19, 2005, this Court issued an order to show cause why this matter should not be dismissed for want of prosecution.  The Plaintiff was ordered to appear, in person, on January 19, 2006 at 1:30 p.m.  The order was mailed to the Plaintiff via certified mail.  There is no return receipt reflected in the docket; nor, has the mail been returned as undeliverable.

At the January 19, 2006 hearing, the Defendant appeared through Assistant United States Attorney Laura Jones.  The Plaintiff failed to appear and also did not contact chambers.  At the hearing, Attorney Jones further indicated that the Plaintiff has failed to respond to various written communication and also has failed to participate in discovery.

### CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 41(b) provides that, upon motion by the Defendant, this action may be dismissed for the failure of the Plaintiff to prosecute this action and for the failure to comply with an order of this Court.  It is clear that the Plaintiff no longer is participating in this lawsuit.  He is not participating in discovery nor is he appearing for scheduled conferences.

The Plaintiff has been given three opportunities to appear before this Court and indicate whether he plans to continue prosecuting this case.  As has failed to appear, failed to respond to the Defendant's attempts at communication, and failed to participate in discovery, this Court can only conclude that the Plaintiff has abandoned this lawsuit.   As such this Court can only recommend that this matter be dismissed for the failure to prosecute.

In addition, the Plaintiff has violated Local Rule 3.1 by failing to keep the Clerk's office informed of his current address.

### CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss filed by the Defendant, the United States of America, on November 7, 2005 be **GRANTED** (Doc. 23), that this matter be **DISMISSED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  <u>Snyder v. Nolen</u>, 380 F.3d 279, 284 (7th Cir. 2004); <u>United States v. Hernandez-Rivas</u>, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 23, 2006**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
